**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| ALBERT BELL ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| vs. ) | Case No.: |
| ) | |
| LOVE'S TRAVEL STOPS & ) | |
| COUNTRY STORES, INC. ) | |
| ) | |
| Serve: C T CORPORATION SYSTEM ) | |
| 120 S. CENTRAL AVENUE ) | |
| CLAYTON, MO 63105 ) | |
| ) | |
| *Defendant*. ) | |

## COMPLAINT

Albert Bell ("Plaintiff" or "Albert") for his Complaint against Love's Travel Stops & Country Stores, Inc. ("Defendant" or "Love's") states and alleges the following.

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is a resident of Jackson County, Missouri.

2. Defendant is an Oklahoma corporation, registered to do business in the State of Missouri, with its principal place of business located at 10601 N Pennsylvania Ave, Oklahoma City, Oklahoma 73120.

3. Defendant can be served through its registered agent: C T Corporation System, 120 S. Central Avenue, Clayton, Missouri 63105.

4. The Court has jurisdiction over this action, which contains claims arising under Title VII of the Civil Rights Act of 1964, ("Title VII") (42 U.S.C. § 2000(e), *et seq*.) and 42 U.S.C. § 1981, pursuant to 28 U.S.C. § 1331.

5. The Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1332.

1

6. Additionally, the Court has supplemental jurisdiction over Plaintiff's claims that arise under Missouri law, specifically the Missouri Human Rights Act ("MHRA") (RS Mo. § 213.010, *et seq*.), pursuant to 28 U.S.C. § 1367.

7. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant does business in Missouri and the events or omissions giving rise to the subject matter of this action occurred in Missouri.

8. Bell filed his Charge of Discrimination with the Missouri Commission on Human Rights ("MCHR") and the Equal Employment Opportunity Commission ("EEOC") within 180 days of the acts complained of and filed this Petition within 90 days after the date the Notice of Right to Sue letter was issued. This action is timely, and Bell has exhausted all administrative prerequisites to filing this action.

## FACTUAL BACKGROUND

9. On or around January 10, 2023, Albert, a Black man, interviewed for a position at the Love's in Kansas City, Missouri.

10. Albert was interviewed by Melissa McGary, a white woman and the General Manager of the Kansas City Love's, as well as another white man, who, upon information and belief, was the Hiring Manager for Love's (the "Hiring Manager").

11. During the interview, the managers made several comments that Albert thought were discriminatory.

12. When Albert first sat down with the managers, the Hiring Manger mentioned that he was not expecting someone "who looked like" him.

13. Albert had heard this comment before and understood that the Hiring Manager had not been expecting a man with the name of "Albert Bell" to be Black.

14. During the interview, McGary inexplicably mentioned to Albert that the store had issues with "certain" employees stealing from the store.

15. Albert was taken aback, as McGary's comments seemingly came up apropos of nothing, and she seemed to insinuate that the theft issue was one caused by Black employees.

16. Albert asked McGary if she believed that the theft problem was caused by Love's Black employees.

17. McGary replied, "No comment", which Albert understood in the context to be confirmation that she believed that Black employees were more likely to steal from the company than other, non-Black employees.

18. Albert continued with the interview, but after Albert pressed McGary for clarification of her seemingly racist remarks, McGary seemed to simply be going through the motions of the interview, and it did not seem to Albert that she was intent on hiring him for the position.

19. After the interview, Albert heard nothing from Love's and was not offered the position.

20. Albert later stopped at the store and had a conversation with a Love's employee, Cat L/N/U, who informed Albert that McGary is openly racist and refuses to hire Black applicants.

21. On April 17, 2023, Albert entered the same Love's store to get a fountain drink.

22. At the time, Albert was a Diamond level member of Love's customer reward program (known as the "My Love Rewards" program), which along with other benefits, allowed him to get free fountain drink refills.

23. While Albert was getting his drink, the store's supervisor, Jeremiah Jennings, angrily confronted Albert, informing him that he needed to pay for his drink.

24. Albert tried to explain that he was a Diamond member of the rewards program, but Jeremiah continued to yell, insisting that Albert needed to pay for his drink.

25. Albert paid for his drink and left the store.

26. The next day, April 18, 2023, Albert returned to the same Love's store to print documents for a friend.

27. Love's offers copy and fax services to its customers, including allowing them to print documents for a small fee.

28. Albert entered the store and was again confronted by Jeremiah and another white employee, Katherine Ryan.

29. At one point, Ryan rudely remarked that Albert should "go get something to drink", a clear reference to the previous day's incident.

30. After Albert told her that he "didn't have his cup" for the free refills, Albert heard Jeremiah remark: "This stupid nigger has one more time."

31. Ryan then said, "I'm sick of this shit. People like you are not welcome here."

32. Albert asked if he could print the documents, and another Love's employee, Serenity L/N/U, informed him that Love's was not helping people like "you."

### **COUNT I – EMPLOYMENT DISCRIMINATION – RACE (MHRA)**

33. Plaintiff realleges and incorporates all preceding paragraphs.

34. Love's is a covered employer under the MHRA.

35. Plaintiff, an African American man, is a covered employee under the MHRA.

36. Plaintiff was qualified for the position that he applied for.

37. During Plaintiff's interview, Defendant's agents and employees made several remarks about Plaintiff's race and skin color, as well as Black employees generally.

38. After this interaction, Plaintiff was informed by another employee of Defendant that Melissa McGary, in particular, had a pattern or practice of failing to hire African American or Black individuals for positions of employment at Love's.

39. Plaintiff's race was a motivating factor in Defendant's decision not to hire him.

40. Because of Love's actions, Plaintiff has suffered humiliation, emotional pain, distress, inconvenience, mental anguish, and related non-economic damages, for which he is entitled to an award of compensatory damages.

41. Love's discriminatory conduct was willful and deliberate and done with reckless disregard for the rights of Plaintiff, thereby entitling Plaintiff to an award of punitive damages, in an amount that will punish Love's, and deter Love's, as well as others, from similar conduct in the future.

WHEREFORE, Plaintiff Albert Bell respectfully requests that the Court enter judgment in his favor on Count I and against Love's Travel Stops & Country Stores, Inc. for a finding that he has been discriminated against due to his race in violation of MHRA; for compensatory and punitive damages; equitable relief; costs expended; reasonable attorneys' fees; and for such other and further relief the Court deems just and proper.

## COUNT II – EMPLOYMENT DISCRIMINATION – COLOR (MHRA)

42. Plaintiff realleges and incorporates all preceding paragraphs.

43. Love's is a covered employer under the MHRA.

44. Plaintiff, a Black man with a dark complexion, is a covered employee under the MHRA.

45. Plaintiff was qualified for the position that he applied for.

46. During Plaintiff's interview, Defendant's agents and employees made several remarks about Plaintiff's race and skin color, as well as Black employees generally.

47. After this interaction, Plaintiff was informed by another employee of Defendant that Melissa McGary, in particular, had a pattern or practice of failing to hire African American or Black individuals for positions of employment at Love's.

48. Plaintiff's color was a motivating factor in Defendant's decision not to hire him.

49. Because of Love's actions, Plaintiff has suffered humiliation, emotional pain, distress, inconvenience, mental anguish, and related non-economic damages, for which, he is entitled to an award of compensatory damages.

50. Love's discriminatory conduct was willful and deliberate and done with reckless disregard for the rights of Plaintiff, thereby entitling Plaintiff to an award of punitive damages, in an amount that will punish Love's, and deter Love's, as well as others, from similar conduct in the future.

WHEREFORE, Plaintiff Albert Bell respectfully requests that the Court enter judgment in his favor on Count II and against Defendant Love's Travel Stops & Country Stores, Inc. for a finding that he has been discriminated against due to his color in violation of MHRA; for compensatory and punitive damages; equitable relief; costs expended; reasonable attorneys' fees; and for such other and further relief the Court deems just and proper.

## **COUNT III – EMPLOYMENT DISCRIMINATION – RACE (TITLE VII)**

51. Plaintiff realleges and incorporates all preceding paragraphs.

52. Love's is a covered employer under Title VII of the Civil Rights Act.

53. Plaintiff, an African American man, is a covered employee under Title VII of the Civil Rights Act.

54. Plaintiff was qualified for the position that he applied for.

55. During Plaintiff's interview, Defendant's agents and employees made several remarks about Plaintiff's race and skin color, as well as Black employees generally.

56. After this interaction, Plaintiff was informed by another employee of Defendant that Melissa McGary, in particular, had a pattern or practice of failing to hire African American or Black individuals for positions of employment at Love's.

57. Plaintiff's race was a motivating factor in Defendant's decision not to hire him.

58. Because of Love's actions, Plaintiff has suffered humiliation, emotional pain, distress, inconvenience, mental anguish, and related non-economic damages, for which, he is entitled to an award of compensatory damages.

59. Love's discriminatory conduct was willful and deliberate and done with reckless disregard for the rights of Plaintiff, thereby entitling Plaintiff to an award of punitive damages, in an amount that will punish Love's, and deter Love's, as well as others, from similar conduct in the future.

WHEREFORE, Plaintiff Albert Bell respectfully requests that the Court enter judgment in his favor on Count III and against Defendant Love's Travel Stops & Country Stores, Inc. for a finding that he has been discriminated against due to his race in violation of Title VII; for compensatory and punitive damages; equitable relief; costs expended; reasonable attorneys' fees; and for such other and further relief the Court deems just and proper.

**COUNT IV – EMPLOYMENT DISCRIMINATION – COLOR (TITLE VII)**

60. Plaintiff realleges and incorporates all preceding paragraphs.

61. Love's is a covered employer under Title VII.

62. Plaintiff, a Black man with a dark complexion, is a covered employee under Title VII.

63. Plaintiff was qualified for the position that he applied for.

64. During Plaintiff's interview, Defendant's agents and employees made several remarks about Plaintiff's race and skin color, as well as Black employees generally.

65. After this interaction, Plaintiff was informed by another employee of Defendant that Melissa McGary, in particular, had a pattern or practice of failing to hire African American or Black individuals for positions of employment at Love's.

66. Plaintiff was denied employment by Defendant because of his skin color.

67. Upon information and belief, other similarly situated white or Caucasian interviewees were not treated the same as Plaintiff, as he was subjected to comments with racial overtones from two managers employed by Defendant.

68. Plaintiff's skin color was a motivating factor in Defendant's decision not to hire him.

69. Because of Love's actions, Plaintiff has suffered humiliation, emotional pain, distress, inconvenience, mental anguish, and related non-economic damages, for which he is entitled to an award of compensatory damages.

70. Love's discriminatory conduct was willful and deliberate and done with reckless disregard for the rights of Plaintiff, thereby entitling Plaintiff to an award of punitive damages, in an amount that will punish Love's, and deter Love's, as well as others, from similar conduct in the future.

WHEREFORE, Plaintiff Albert Bell respectfully requests that the Court enter judgment in his favor on Count IV and against Love's Travel Stops & Country Stores, Inc. for a finding that he

has been discriminated against due to his skin color in violation of Title VII; for compensatory and punitive damages; equitable relief; costs expended; reasonable attorneys' fees; and for such other and further relief the Court deems just and proper.

## COUNT V – VIOLATION OF 42 U.S.C. § 1981

71. Plaintiff realleges and incorporates all preceding paragraphs.

72. Plaintiff, who is a Black man, is a member of a protected class.

73. Plaintiff was qualified for the position that he applied for.

74. During Plaintiff's interview, Defendant's agents and employees made several remarks about Plaintiff's race and skin color, as well as Black employees generally.

75. After this interaction, Plaintiff was informed by another employee of Defendant that Melissa McGary, in particular, had a pattern or practice of failing to hire African American or Black individuals for positions of employment at Love's.

76. As set forth above, Defendant failed to hire Plaintiff, under circumstances giving rise to an inference of discrimination based on Plaintiff's race and skin color.

77. Defendant's conduct caused Plaintiff damage in a number of ways compensable by 42 U.S.C. § 1981.

WHEREFORE, Plaintiff Albert Bell respectfully requests that the Court enter judgment in his favor and against Defendant Love's Travel Stops & Country Stores, Inc. for damages to be proven at trial; and for such other relief as the Court deems just and proper.

## COUNT VI – PUBLIC ACCOMODATIONS DISCRIMINATION – RACE (MHRA)

78. Plaintiff realleges and incorporates all preceding paragraphs.

79. Plaintiff, an African American man, is a protected person under the MHRA.

80. Defendant operates a place of public accommodation as defined by the MHRA.

81. On April 17, 2023, Defendant's personnel wrongfully did not allow Plaintiff to take advantage of the free fountain drink refill benefit of the My Love Rewards program.

82. Plaintiff was otherwise qualified as a Diamond member to the free fountain drink refill benefit, but Jeremiah Jennings would not permit Plaintiff the free drink.

83. On information and belief, Jeremiah Jennings does not or did not enforce the My Love Rewards program in a similar manner in situations where Love's white customers were attempting to obtain the free drink benefit.

84. The next day, April 18, 2023, Love's employees—Jeremiah Jennings and Katherine Ryan—did not allow Plaintiff to use services that Love's offers to white customers, and they made racist comments to him, including Jeremiah's comment that Plaintiff was a "stupid nigger."

85. Plaintiff was discriminated against and refused service because of his race in violation of the MHRA.

86. Because of Love's actions, Plaintiff has suffered humiliation, emotional pain, distress, inconvenience, mental anguish, and related non-economic damages, for which, he is entitled to an award of compensatory damages.

87. Love's discriminatory conduct was willful and deliberate and done with reckless disregard for the rights of Plaintiff, thereby entitling Plaintiff to an award of punitive damages, in an amount that will punish Love's, and deter Love's, as well as others, from similar conduct in the future.

WHEREFORE, Plaintiff Albert Bell respectfully requests that the Court enter judgment in his favor on Count VI and against Defendant Love's Travel Stops & Country Stores, Inc. for a finding that he has been discriminated against due to his race in violation of the MHRA; for

compensatory and punitive damages; equitable relief; costs expended; reasonable attorneys' fees; and for such other and further relief the Court deems just and proper.

## **COUNT VII – PUBLIC ACCOMODATIONS DISCRIMINATION – COLOR (MHRA)**

88. Plaintiff realleges and incorporates all preceding paragraphs.

89. Plaintiff, a Black man with a dark complexion, is a protected person under the MHRA.

90. Defendant operates a place of public accommodation as defined by the MHRA.

91. On April 17, 2023, Defendant's personnel wrongfully did not allow Plaintiff to take advantage of the free fountain drink refill benefit of the My Love Rewards program.

92. Plaintiff was otherwise qualified as a Diamond member to the free fountain drink refill benefit, but Jeremiah Jennings would not permit Plaintiff the free drink.

93. On information and belief, Jeremiah Jennings does not or did not enforce the My Love Rewards program in a similar manner in situations where Love's white customers were attempting to obtain the free drink benefit.

94. The next day, April 18, 2023, Love's employees—Jeremiah Jennings and Katherine Ryan—did not allow Plaintiff to use services that Love's offers to white customers, and they made racist comments to him, including Jeremiah's comment that Plaintiff was a "stupid nigger."

95. Plaintiff was discriminated against and refused service because of his skin color in violation of the MHRA.

96. Because of Love's actions, Plaintiff has suffered humiliation, emotional pain, distress, inconvenience, mental anguish, and related non-economic damages, for which he is entitled to an award of compensatory damages.

97. Love's discriminatory conduct was willful and deliberate and done with reckless disregard for the rights of Plaintiff, thereby entitling Plaintiff to an award of punitive damages, in an amount that will punish Love's, and deter Love's, as well as others, from similar conduct in the future.

WHEREFORE, Albert Bell respectfully requests that the Court enter judgment in his favor on Count VII and against Defendant Love's Travel Stops & Country Stores, Inc. for a finding that he has been discriminated against due to his skin color in violation of MHRA; for compensatory and punitive damages; equitable relief; costs expended; reasonable attorney's fees; and for such other and further relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully requests a trial by jury on all issues so triable.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff hereby requests that the trial be held in Kansas City, Missouri.

## CIVIL COVER SHEET

Attached as **Exhibit A** is a copy of the Civil Cover Sheet.

Respectfully submitted,

**HKM EMPLOYMENT ATTORNEYS LLP**

By: */s/ Ethan A. Crockett*
Ethan A. Crockett, MO 74921
ecrockett@hkm.com
Brad K. Thoenen, MO 59778
bthoenen@hkm.com
1501 Westport Road
Kansas City, Missouri 64111
816.708.2496

ATTORNEYS FOR PLAINTIFF